IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MELODY FENNELL BATTLE, | ) | Case No.: |
| Plaintiff, | ) | |
| | ) | Demand for Jury Trial |
| versus | ) | |
| RJM ACQUISITIONS LLC. | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW the Plaintiff Melody Battle, by and through counsel and hereby files her Complaint against RJM Acquisitions LLC., showing the Court as follows:

*I. INTRODUCTION*

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

1

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Melody Battle, is a natural person residing in Clayton County, Georgia.

4. The Defendant, RJM Acquisitions LLC, is a New York corporation that maintains its principal place of business at 575 Underhill Blvd, Ste 224, Syosset, NY 11791. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. On November 4, 2009, Plaintiff filed a Chapter 7 bankruptcy petition with case number 09-89547-JEM.

7. Plaintiff included on her Schedule F two unsecured debts owed to Defendant. (Exhibit A)

8. Defendant was served with a notice of the bankruptcy filing by the Bankruptcy Noticing Center (Exhibit B)

9. Plaintiff was granted a discharge order by the bankruptcy court on May 12, 2010.

10. Defendant was served with a copy of the discharge order by the Bankruptcy Noticing Center (Exhibit C)

11. The debts that Plaintiff owed to Defendant were discharge pursuant to the discharge order signed by the bankruptcy court.

12. On December 15, 2010, undersigned counsel filed a Chapter 13 bankruptcy petition for Plaintiff in the Northern District of Georgia, Atlanta Division and assigned case number 10-97693-WLH. (Exhibit D)

13. Defendant has filed three separate proof of claims in Plaintiff's instant bankruptcy asserting that Plaintiff is indebted to Defendant on those three debts.

14. The penalty for presenting a fraudulent claim is up to $500,000 or imprisonment for up to 5 years, or both.

15. On December 23, 2010, Defendant filed a Proof of Claim in Plaintiff's pending Chapter 13 bankruptcy. This claim is identified as Claim #1 on the Claims register for $1796.41. (Exhibit E)

16. On December 23, 2010, Defendant filed a Proof of Claim in Plaintiff's pending Chapter 13 bankruptcy. This claim is identified as Claim #2 on the Claims register for $267.49. (Exhibit F)

17. On December 23, 2010, Defendant filed a Proof of Claim in Plaintiff's pending Chapter 13 bankruptcy. This claim is identified as Claim #3 on the Claims register for $4222.76. (Exhibit G)

18. The underlying debts which Defendant was attempting to collect upon were incurred prior to the filing of Plaintiff's Chapter 7 bankruptcy and therefore those debts were subject to this court's discharge order.

19. Defendant has actual knowledge that Plaintiff's personal liability on those debts was discharged in her Chapter 7 Bankruptcy.

20. Defendant's attempts to collect upon each of these debts by filing these fraudulent claims is a violation of the Fair Debt Collection Act.

21. Defendant has had to take time off from work and incurred expenses to meet with counsel to resolve this matter.

### V.  CLAIM FOR RELIEF

22. Plaintiff repeats and realleges and incorporates by reference paragraphs one through twenty one above.

23. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a) Three separate violations of 15 U.S.C. 1692(2)(A) by falsely representing that a debt owed to Defendant was still owed.

24. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    a. Declaratory judgment that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for the defendants' violations of the state Act;

    b. Actual damages;

    c. Statutory damages pursuant to 15 U.S.C. § 1692k;

    d. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k;

    e. For such other and further relief as may be just and proper.

Respectfully submitted,

<u>/s/   Ryan Starks, Esq.</u>
Attorney Bar Number: 676512
Attorney for Plaintiff
Berry & Associates
2751 Buford Hwy
Suite 400
Atlanta, Georgia 30324
(404) 235-3300
<u>rstarks@mattberry.com</u>